IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHANTRY MOON,

      Plaintiff,

v.                                                          Case No. 21-1027-JWB

MATTHEW STINEMAN and
BOARD OF COUNTY COMMISSIONERS
OF SEDGWICK COUNTY, KANSAS,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Sedgwick County, Kansas, Board of Commissioners' ("BOCC") motion to dismiss. (Doc. 11.) Defendant's time to file a reply brief has expired making the motion, as briefed, ripe for decision. (Docs. 12, 14.) For the reasons set forth herein, the motion to dismiss is DENIED.

Plaintiff asserts five claims: (1) constitutional violation of excessive force pursuant to § 1983; (2) negligent use of force; (3) battery; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. (Doc. 1 at 6-11.) The excessive force claim is brought against Defendant Matthew Stineman, in his individual capacity, with the remaining tort claims being alleged against Defendant Stineman and Defendant BOCC. In response, Defendant BOCC asserts qualified immunity and moves for dismissal of the claims asserted against it.

Defendant BOCC's motion to dismiss relies heavily upon the doctrine of qualified immunity. *See generally* (Doc. 12.) "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir.

1

2013).  Defendant BOCC is not an individual but rather a municipal entity.  Therefore, the defense of qualified immunity is not applicable to it.  *See Starkey ex rel. A.B. v. Boulder County Social Servs.*, 569 F.3d 1244, 1263 n. 4 (10th Cir. 2009) ("Qualified immunity, however, is available only in suits against officials sued in their personal capacities, not in suits against governmental entities or officials sued in their official capacities.")  Moreover, after reviewing Plaintiff's complaint (Doc. 1), Plaintiff has not asserted a claim against BOCC under § 1983.  Plaintiff's response illustrates this issue in a footnote stating:

> The only claims made against Defendant Sedgwick County are for its vicarious liability of Defendant Stineman of the different theories of recovery found in Counts II through V of Plaintiff's complaint.
>
> Plaintiff has not made claims against Defendant Sedgwick County under 42 U.S.C. § 1983, or Count I of the complaint.  Those claims are made only against Defendant Stineman in his individual capacity for the violation of Plaintiff's rights under the Due Process [sic] of the Fourteenth Amendment.  *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Estate of Booker v. Gomez*, 745 F.3d 405 (10th Cir. 2014).  Plaintiff has made no municipal liability claims under 42 U.S.C. §1983.  As a result, the arguments contained in Defendant Sedgwick County's motion regarding its ability to be sued under 42 U.S.C. § 1983 or its defense of qualified immunity under that federal civil rights statute should be disregarded.

(Doc. 14 at 2.)

The court agrees with Plaintiff's reasoning.  As stated above, BOCC cannot assert a qualified immunity defense and the individual board members are not named as defendants in this action.

Further, Defendant BOCC argues that by statute it has no ability to supervise the sheriff's department personnel and thus cannot be held liable under a vicarious liability theory.  As recently noted by the Tenth Circuit, "a Kansas county bears *respondeat superior* liability for its sheriff's tortious acts under the Kansas Tort Claims Act ("KTCA").  *Couser v. Gay*, 959 F.3d 1018, 1027 (10th Cir. 2020) (citations omitted); *see also Estate of Belden v. Brown Cty.*, 45 Kan.App.2d 247,

2

261 P.3d 943, 974 (2011) (holding that "for purposes of the KTCA, sheriff's department personnel are employees of the county"). Defendant BOCC makes no other arguments regarding the plausibility of Plaintiff's state law tort claims in counts II through V. Accordingly, Defendant BOCC's motion to dismiss is DENIED.

IT IS SO ORDERED this 27th day of April, 2021.

  s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE