IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHANTRY MOON,

    Plaintiff,

v.                                                                                 Case No. 21-1027-JWB

MATTHEW STINEMAN and
BOARD OF COUNTY COMMISSIONERS
OF SEDGWICK COUNTY, KANSAS,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motions for Leave to File Exhibits Under Seal (Docs. 102, 107) and Plaintiff's Motions for Leave to File Exhibits Under Seal (Docs. 104, 113.) For the reasons stated herein, Defendant Matthew Stineman's Motion for Leave (Doc. 102) is DENIED, Defendant Sedgwick County, Kansas, Board of Commissioners' ("BOCC") Motion for Leave (Doc. 107) is DENIED, Plaintiff's first Motion for Leave (Doc. 104) is GRANTED, and Plaintiff's second Motion for Leave (Doc. 113) is DENIED.

This is a civil action involving claims arising from an alleged battery upon Plaintiff while he was a pretrial detainee at the Sedgwick County District Courthouse. Plaintiff asserts three claims: (1) constitutional violation of excessive force pursuant to 42 U.S.C. §§ 1983, 1988; (2) battery under Kansas law; and (3) intentional infliction of emotional distress under Kansas law. (Doc. 95 at 5-6.) The excessive force claim is brought against Defendant Stineman, in his individual capacity, with the remaining tort claims being alleged against Defendant Stineman and

Defendant BOCC. The exhibits at issue are submitted in support of the parties' summary judgment briefing and Plaintiff's motion to exclude expert testimony.

The standards governing sealing court records were summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

First, Defendant Stineman seeks to seal Exhibit 4, which is "a medical expenses report documenting Plaintiff's treatment with various providers." (Doc. 102 at 2.) Defendant Stineman argues that it is appropriate to seal this information because of the confidential medical information it contains. (*Id.*) After reviewing the report, the court denies Defendant Stineman's motion to allow the report, Exhibit 4, to be filed under seal. Plaintiff's date of birth is already redacted from that exhibit, and the balance of the information contained therein does not warrant sealing. Plaintiff has placed his treatment records at issue through his claims in this case, and the information in Exhibit 4 is too generalized to merit sealing on the basis of privacy concerns.

Second, Plaintiff moves to seal two medical examinations that are attached as exhibits to his motion to exclude expert testimony. (Doc. 104.) Plaintiff argues that Exhibits 2 and 8 contain his private health information ("PHI"). After reviewing the medical examinations, the court finds that it is appropriate to file these exhibits under seal. Accordingly, Plaintiff's motion to seal (Doc. 104) Exhibits 2 and 8 is granted.

Turning to the third motion, Defendant BOCC argues that the exhibits identified in its motion should be sealed because they contain "confidential and proprietary PHI of the Plaintiff," while the other records are "confidential drug and alcohol treatment records, PHI, personnel records of Defendant Stineman and other records which are subject to multiple redactions." (Doc. 107 at 1-2.) Defendant BOCC seeks to seal 11 exhibits in its summary judgment memorandum, which includes approximately 65 pages of exhibits. Besides generally stating that the exhibits contain confidential and sensitive information, Defendant BOCC makes no attempt to identify what specifically is confidential and sensitive in each exhibit. Therefore, Defendant BOCC has not met its burden with respect to these records. *See Mann*, 477 F.3d at 1149 ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.") (internal quotation marks and citation omitted). Defendant BOCC may file a renewed motion for leave to file these exhibits under seal and must make a specific argument as to the contents of each exhibit. Accordingly, Defendant BOCC's motion (Doc. 107) is denied without prejudice.

Lastly, Plaintiff moves to seal Exhibit 3, which is a report regarding a 2020 internal investigation of Defendant Stineman. Plaintiff argues the exhibit "contains personal information related to Defendant Stineman, including the Sedgwick County Sheriff's Office's investigation and discipline of Stineman after the encounter with Plaintiff." (Doc. 113 at 1.) After reviewing the report, the court finds that Plaintiff has not met his burden to file Exhibit 3 under seal. Defendant Stineman is a central character in this case, and Exhibit 3 is his personal disciplinary report. Moreover, after reviewing Plaintiff's response to Defendant BOCC's motion for summary judgment, the report is not referenced in any meaningful way. (*See generally* Doc. 112.) Accordingly, Plaintiff's motion to seal Exhibit 3 is denied.

Defendant Matthew Stineman's Motion for Leave (Doc. 102) is DENIED, Defendant BOCC's Motion for Leave (Doc. 107) is DENIED, Plaintiff's first Motion for Leave (Doc. 104) is GRANTED, and Plaintiff's second Motion for Leave (Doc. 113) is DENIED.

IT IS SO ORDERED this 19th day of May, 2022.

    \_\_s/ John Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE